```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

ROGER DALE DAVIS,              )
                               )
          Plaintiff,           )
                               )
v.                             )    Case No. CIV-15-282-JHP-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Roger Dale Davis[1] (the "Plaintiff"), on behalf of Sharon Davis, deceased, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason

---

[1] By Order entered March 22, 2016, Roger Dale Davis was substituted as party Plaintiff for Sharon Davis in light of the Suggestion of Death filed March 21, 2016.

of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 30, 1957 and was 56 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as a certified nursing assistant, line maintenance person/water meter

reader. Claimant alleges an inability to work beginning October 1, 2011 due to limitations resulting from heart, back, and stomach problems.

**Procedural History**

On February 7, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 2, 2013, Administrative Law Judge ("ALJ") Bernard Porter conducted an administrative hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On February 10, 2014, the ALJ issued an unfavorable decision. The Appeals Council denied review on June 30, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work as a meter reader and line walker. The ALJ also found

4

alternatively at step five that Claimant could perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an improper RFC determination and credibility finding; and (2) finding Claimant could perform her past relevant work and not applying the Grids.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of coronary artery disease with a myocardial infarction, hypertension, abdominal aneurysm, colitis, and mild degenerative joint disease of the right hip and knee. (Tr. 21). The ALJ concluded that Claimant retained the RFC to perform light work except she could lift and carry 20 pounds occasionally and ten pounds frequently; could sit for six hours, stand for six hours, and walk for six hours; could push and pull as much as she could lift and carry; should never climb ladders or scaffolds; should not crawl; should not work around unprotected heights and moving mechanical parts; and her time off task would be accommodated by normal breaks. (Tr. 23). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of nurse aide, meter reader, and line walker, all of which the

ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 28). As a result, the ALJ found Claimant was not disabled from October 1, 2011 through the date of the decision. (Tr. 29).

Claimant first contends the ALJ did not consider her abdominal pain in arriving at an RFC. The ALJ recognized Claimant's stomach pain but also noted that Claimant did not receive any treatment for the condition in 2013. (Tr. 25). Dr. Michael Johns performed a laparoscopy with lysis of adhesions which resolved the pain in February of 2012. (Tr. 411). Curiously, Claimant argues that "frequent and unpredictable diarrhea that requires claimant be near a bathroom is a significant non-exertional impairment that must be included in a decision's RFC findings." No evidence exists that Claimant suffered from such a condition as a part of the stomach pain. The ALJ was not required to assume diarrhea necessarily accompanied her stomach condition.

Claimant also contends the ALJ should have considered her documented fatigue. This condition, however, was a symptom and consequence of her stomach pain. (Tr. 301). Further accommodation of the condition in the RFC was not required once the stomach issue was resolved.

Claimant next states that the ALJ should have included her

6

back pain in the RFC limitations. The ALJ found that the treatment of this condition is not referenced in the medical record. (Tr. 21). While it is true that CT scans revealed degenerative changes with some non-united fractures in the low back, it is equally true that the record contains no evidence of treatment of the condition. (Tr. 317, 381). The ALJ was not required to include restrictions for a condition which was not severe enough to warrant treatment.

Claimant references a medical source statement authored by Dr. Dennis Carter dated March 18, 2014 which she attaches to her brief. Claimant states that the statement and a brief was sent to the Appeals Council but neither is contained in the record before this Court. The regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). It is assumed that the evidence meets the criteria if the Appeals Council accepts the evidence. Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011). If the new evidence relates to the relevant period, the ALJ must be given an opportunity to consider it. Id. at 1329. The problem in this case is the record contains no indication that Dr. Carter's statement was ever received into the record by the Appeals Council. As such, this Court cannot consider its content.

Claimant also challenges the ALJ's credibility findings. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's

8

credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ methodically proceeded to cite the applicable legal standards for evaluating credibility, analyze Claimant's activities of daily living which are inconsistent with Claimant's testimony, and proceed through the medical record finding conflicts with the level of limitation to which Claimant testified concerning the location, duration, frequency, and intensity of his pain. The discussion contains thoughtful reasoning and careful consideration of the record. No error is found in this credibility analysis.

**Step Four Findings**

Claimant contends the ALJ's step four analysis is legally flawed. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has determined that the ALJ's RFC assessment was not erroneous.

In the second phase, the ALJ must determine the demands of the

claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The vocational expert outlined the demands of Claimant's past relevant work. (Tr. 58). The ALJ made further inquiry of Claimant concerning the demands of the jobs. (Tr. 58-59). The ALJ then posed a hypothetical which the vocational expert identified as being met by the demands of Claimant's past relevant work as a meter reader and line walker. (Tr. 59-60). The ALJ satisfied his obligation at the second phase.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted Claimant's past relevant work. The vocational expert stated Claimant could perform the past relevant work of production assembler. (Tr. 59-60). Consequently, the ALJ fulfilled his obligation in the third phase. This Court finds no error in the ALJ's step four analysis.

Since this Court found no error in the step four analysis,

consideration of the application of the Grids at step five is academic.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE